## Kline v. Baum, etc.

*John L. Pipa, Jr.*, for plaintiff.
*Carl Rice*, for defendant.

TROUTMAN, J., October 6, 1953.—Defendant, Charles E. Baum, individually and trading as Baum's Sporting Goods, has presented his petition for leave to take oral depositions of Charles E. Kline, plaintiff, under the provisions of Pennsylvania Rules of Civil Procedure 4005-4011.

On August 31, 1953, an opinion was filed dismissing defendant's preliminary objections to plaintiff's complaint and allowed defendant 20 days within which to file an answer to plaintiff's complaint. On September 11, 1953, plaintiff, by his attorney, filed a præcipe to place the case on the trial list for trial at the term beginning October 19, 1953, which case now appears on the printed trial list. On September 21, 1953, the twentieth day for filing the answer, defendant filed his petition for discovery which is now before this court. On the same day defendant filed a petition praying for a rule to show cause why the time for the filing of an answer to the complaint should not be extended, which rule was made returnable October 5, 1953. When the petition for discovery came before the court for disposition, plaintiff contended that defendant was not acting in good faith in that the case was listed for trial and this proceeding would cause a continuance of the same to the detriment of plaintiff. Rule 4011, subsections (*a*) and (*b*), provides that no discovery shall be permitted which is sought in bad faith or causes unreasonable annoyance, embarrassment, expense or oppression to deponent or any person or party.

Rule XLII (1) of the rules of the court of common pleas of this county provides that the prothonotary shall put down upon the trial list all causes at issue at least 35 days before the commencement of each period fixed for the trial of civil causes. Under the provisions of this rule, plaintiff ordered the case on the trial list prematurely, for the cause was not at issue on September 11, 1953, inasmuch as defendant had until September 21, 1953, to file an answer to plaintiff's complaint. Obviously less than 35 days intervened between the time that the cause could have been at issue and the commencement of the period fixed for the trial of civil causes. While plaintiff might have taken some action on a date prior to the twentieth day, nevertheless, he cannot be penalized for not doing so, inasmuch as he was permitted 20 days in which to file an answer. In his petition, defendant alleges that the purpose of the discovery is to enable him to properly prepare an answer to the complaint and to prepare adequately for trial. Under the circumstances of this case, we find no bad faith on the part of defendant in seeking discovery at this time nor do we find that the present action of defendant will cause any unreasonable annoyance, or embarrassment to deponent inasmuch as the case is improperly upon the trial list.

Rule 4007(b) permits the court on petition of any party to allow the taking of depositions orally or by written interrogatories approved by the court of any party or person to discover facts, subject to the limitations provided by rule 4011. Rule 4011(c) precludes discovery which would disclose facts which: (1) Are not relevant and material to the subject matter of the pending action; (2) are not competent or admissible as evidence; (3) are known to petitioner, or the means of obtaining knowledge of which he can be reasonably expected to have; (4) are not necessary to

prepare the pleadings or prove a prima facie claim or defense of petitioner.

In support of his action to recover of defendant damages for personal injuries, plaintiff, in his complaint, alleges that defendant is engaged in the business of generally merchandising athletic equipment and that on May 26, 1947, plaintiff, who was in the business of umpiring baseball games and who used a specially built and constructed mask for head and facial protection, purchased of defendant a baseball mask and paid defendant the sum of $15 for the same; that at the time of the purchase of the mask, he relied on defendant's promise and warrant that the mask would be fit for plaintiff's use in his business, and that this warranty was made by defendant through his servants, agents and employes. The complaint further alleges that the mask, at the time the sale was made, was defective and unfit for the use for which it was warranted and sold by defendant to plaintiff; that on June 15, 1949, while plaintiff was using this mask in the performance of his duties as an umpire in a baseball game in this county, a foul-pitched ball penetrated the bars of the mask and struck plaintiff in the right eye, causing him to lose the sight thereof; that the mask, at the time the sale was made, was defective in that the cross bars built into the front of the mask were not of sufficient strength to withstand the force of a foul-pitched ball, and that the defect in the mask was latent, which, on examination by plaintiff or any other person, would not be disclosed to him or them.

In his petition for discovery by oral examination, defendant avers that the purpose of the discovery is to enable him to properly prepare an answer to plaintiff's complaint and to prepare adequately for trial with respect to the issue concerning an alleged warranty. Defendant seeks to question plaintiff concerning the circumstances surrounding the sale of the mask to-

gether with any information given by plaintiff to defendant of the special requirements for plaintiff's use or purposes and the time, place and the manner in which plaintiff made these special requirements known to defendant; the use to which plaintiff put the mask; the nature of the warranty alleged to have been given by defendant to plaintiff, whether implied or expressed and by whom given on behalf of defendant; and the uses to which the mask was put by plaintiff after the purchase of the same in order to determine whether any cause for its alleged defective condition resulting in the injury to plaintiff arose after the alleged purchase.

The basis of plaintiff's cause of action against defendant is that defendant was negligent in selling to him a baseball mask which was latently defective and unfit for the use for which it was warranted, even though plaintiff warranted the mask to be fit for plaintiff's use. Plaintiff's complaint alleges that plaintiff relied upon defendant's promise and warrant that the mask which was sold to him would be fit for plaintiff's purpose. In paragraph 6 of the complaint plaintiff avers that defendant, by his servants, agents and employes, on May 26, 1947, orally offered to sell to plaintiff a mask warranted to be fit for plaintiff's use in his business and in paragraph 7 thereof alleges that plaintiff, relying on defendant's promise and warrant, purchased such warranted mask from defendant. The injuries for which damages are sought in the action occurred on June 15, 1949, over two years after the purchase of the mask. We are of the opinion that defendant is entitled to obtain from plaintiff facts pertaining to the identity of the employe who consummated the sale, the nature of the sale, particularly in regard to whether it was an over-the-counter sale or whether it was merchandise obtained after plaintiff described the requirements of the mask, the nature of

the information given by plaintiff to defendant of his special requirements and the nature of the warranty alleged to have been given by defendant, particularly as to whether it was an express warranty or implied from the transaction.

While it might be said that defendant should know or has the means of obtaining knowledge concerning this transaction, nevertheless, in order to ascertain the intention of the parties at the time of the transaction, it becomes necessary for defendant to know all of the surrounding circumstances. The complaint does not describe in detail the circumstances of the transaction. It is also apparent that defendant should be permitted to obtain these facts in order to properly prepare a responsive pleading. The fact that over two years elapsed between the purchase of the mask and the accident certainly entitles defendant to obtain information from plaintiff as to what use the mask was put during such period of time. The complaint does not allege how many times the mask had been used previously, if any, or if it was used, how frequently it was used by plaintiff. This would have a material bearing upon whether or not the apparent defect in the mask was the result of original manufacture or of usage after it was in the possession of defendant. This would certainly be a fact of which petitioner would not have knowledge or the means of obtaining such knowledge. While it is true that under the Rules of Civil Procedure pertaining to an action of trespass, it is not necessary for defendant to file an answer in order to put at issue the question of defendant's negligence, plaintiff's contributory negligence and the damages, neverthless, defendant has a right to file an answer and if there are any affirmative defenses, he is obliged to plead them under the heading of "New Matter".

Our discovery rules do not provide for a revelation

of facts as a value in and of itself but rather are confined to a revelation of such facts as may be necessary to prepare a responsive pleading or to prove a party's contention. But to the extent that the rules do provide for exchange of factual information, the rule should be liberally construed. If, in the process of discovering facts necessary to prepare the pleadings or prove a prima facie claim or defense, there are necessarily entwined facts which can also be regarded as constituting a probable part of the opponent's case, those facts are nevertheless to be made available. While the present case is based upon an alleged tort and the negligence of defendant is averred as the cause of damages sustained, it does involve a contractual relationship between plaintiff and defendant in that plaintiff alleges that he relied upon the promise and warranty of defendant that the mask which he purchased would be fit for plaintiff's purposes and would be able to withstand the pressure of a foul-pitched ball. The circumstances surrounding this transaction are material and relevant in determining the pleading which defendant may desire to file and also obtain information necessary to prove his defense.

We are of the opinion that the discovery which is sought by defendant is not within the limitations of the scope of discovery as contained in rule 4011. We conclude that the prayer of the petition of defendant should be granted and defendant be permitted to take oral depositions of plaintiff concerning the matters set forth in the petition for discovery.

## Order

And now, to wit, October 6, 1953, defendant, Charles E. Baum, is hereby authorized to have discovery of plaintiff, Charles E. Kline, upon oral examination before William B. Heffner, Jr., official court reporter, at the Court House, Sunbury, Pa., at 10 a.m. on Octo-

ber 16, 1953, in judges' chambers, at which time plaintiff shall present himself for the taking of oral depositions.

And further, it is hereby ordered and decreed that the scope of the discovery may include inquiry as to the sale of the baseball mask, the circumstances surrounding the sale, including any information that may have been given by plaintiff to defendant of any special requirements for plaintiff's use or purpose and the time, place and manner in which plaintiff made these special requirements known to defendant; the nature of the warranty alleged to have been given by defendant to plaintiff, whether implied or express, and by whom given on behalf of defendant; and the use to which the mask was put by plaintiff following the purchase of the same.

And it is further ordered and decreed that defendant shall file an answer, if he so desires, within 15 days following notice of the transcription of the oral depositions.